WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Pandamouz,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Peter D. Keisler; et. al.,<br><br>　　　　Defendants. | No. CV 07-594-TUC-HCE<br><br>**ORDER** |

　　The Magistrate Judge has jurisdiction over this matter by consent of the parties pursuant to 28 U.S.C. § 636(c).

　　Pending before the Court is Defendants' Motion to Dismiss. For the following reasons, Defendants' Motion is granted.

**I.　Discussion**

　　On November 15, 2007, Plaintiff, through counsel, filed the instant action to compel Defendants "to complete the mandatory security clearance procedures and to compel the United States Citizenship and Immigration Service...to adjudicate" Plaintiff's application for adjustment of status to that of a United States Permanent Resident. (Complaint, p. 1)

　　On February 27, 2008, Defendants filed the instant Motion to Dismiss wherein they asserted that on February 26, 2008, Plaintiff's application for adjustment of status was approved. (Defendants' Motion to Dismiss, Ex. 1) Therefore, Defendant's contend that this

1 action should be dismissed as moot and for lack of subject matter jurisdiction. The time for
2 Plaintiff to respond to Defendants' Motion to Dismiss has expired and Plaintiff has not filed
3 a Response. *See* L.R.Civ. 7.2(c) (setting forth response time for motions to dismiss).

4     Pursuant to the Local Rules of Practice of this Court, if a party fails to respond to a
5 pending motion, the Court may deem such failure to respond as "consent to the...granting of
6 the motion and the Court may dispose of the motion summarily." L.R.Civ. 7.2(i).

7     In the Ninth Circuit, "[f]ailure to follow a district court's local rules is a proper ground
8 for dismissal." *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.), *cert. den.,* 516 U.S. 838 (1995).
9 (affirming the Nevada district court's dismissal of an action pursuant to a local rule similar
10 to L.R.Civ. 7.2(i) where the plaintiff failed to file an opposition to the defendant's motion
11 to dismiss) *Id.* Whether to dismiss the action is within the trial court's discretion. *Id.* In
12 exercising its discretion, the trial court is "required to weigh several factors: '(1) the public's
13 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
14 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
15 their merits; and (5) the availability of less drastic sanctions.'" *Id. (quoting Henderson v.*
16 *Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)).

17     Herein, the first three factors tip the balance in favor of dismissal. Moreover, although
18 public policy favors disposition of cases on their merits, the record supports dismissal
19 pursuant to L.R.Civ. 7.2(i) given that Plaintiff has received the relief requested in his
20 Complaint. Further, Plaintiff's failure to respond to the pending Motion to Dismiss or to
21 request a continuance to respond to such Motion supports the conclusion that imposition of
22 less drastic sanctions would not be beneficial. Accordingly, the instant record considered
23 in light of the five factors set out in *Ghazali* supports granting Defendants' Motion to
24 Dismiss pursuant to L.R.Civ. 7.2(i).

25 **II.    Conclusion**

26     For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss
27 (Doc. No. 11) is GRANTED.

28

The Clerk of the Court is DIRECTED to enter judgment accordingly and to close this case.

DATED this 16th day of April, 2008.

*[signature]*

Héctor C. Estrada
United States Magistrate Judge